IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONTE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-15 DRH |
| | ) | |
| BENNET BRAMLET, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 2, 2009, Plaintiff Donte Henderson filed with the Court a Letter to Judge and Clerk (Doc. 20). The Court construed this letter as a motion to serve defendants. For the reasons set forth below, that motion is **GRANTED** in part and **DENIED** in part.

### BACKGROUND

Plaintiff, an inmate at the Pontiac Correctional Center, filed his complaint in this matter on January 7, 2008, alleging that the defendants named in the complaint used unconstitutional excessive force against him (Doc. 1). The Plaintiff hand-wrote the complaint on the Court's civil rights complaint form. The hand-written caption reads:

Donte Henderson
    Plaintiff,

    v.

Officer Bennet (Bramlet)
Officer Anthony (White)
Officer Starkweather
Officer John Doe (The 1 Assisting)
Officer Biggs
    Defendants.

In section I of the form complaint, Plaintiff lists four Defendants: Officer Bennett (or Bramlet), Officer Anthony (White), Starkweather, and John Doe. Four USM-285 forms

accompanied the complaint: one for Officer Bennett, one for Officer Anthony, one for Officer Starkweather, and one "in blank" (see docket entry dated January 7, 2008).

On September 11, 2008, United States District Judge David R. Herndon reviewed the complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff had stated a claim for unconstitutional use of excessive force (Doc. 9).  Although the caption of the order lists Officer Biggs as a Defendant, the body of the order directed service upon only Defendants Anthony White, Bennet Bramlet, and Officer Starkweather.  Officer Biggs is also not listed in the Court's docketing system.  The order also stated, "Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals."

On December 4, 2008, the Court sent requests for waivers of service regarding Defendants Bennett Bramlet, Anthony White, and Officer Starkweather to the United States Marshal Service ("USMS") for service of process (Doc. 11).  The waivers of service were returned unexecuted as to each of these three defendants on March 6, 2009 (Docs. 22, 23, and 24).

On March 2, 2009, Plaintiff filed with the Court a "Letter to Judge and Clerk" (Doc. 20) in which he refers to his complaint and states that he "labeled the defendants as Officer Bennet (Bramlet) for the reason of saying that the C/O Bramlet that was in my ARB-Grievance exhausted-report to that I believe Bramlet name was Bennet and Anthony (White) to say there are two Anthonys and I am complaining about the white one."  He further stated, "I would like for the marshal and service forms to be served on each and every officer named in complaint meaning

2

Officer Bennet
Officer Bramlet
Officer Anthony
Officer Biggs
Officer Starkweather.

(Doc. 20).

Based upon the Plaintiff's March 2 letter clarifying the names of Officers Bennett and Anthony, on September 17, 2009, the Court ordered the Clerk to prepare summons for Defendants Officer Starkweather, Officer Anthony, and Officer Bennett, and directed the USMS to personally serve each (Doc. 31). The Clerk, however, issued summonses for Bennett Bramlet, Anthony White, and Officer Starkweather (Docs. 32, 33, and 34).

### *Officers Starkweather and Bramlet*

On September 29, 2009, the summons directed to Officer Starkweather was returned executed (Doc. 36). Officer Starkweather's answer was due on October 8, 2009. On October 19, 2009, the Court granted Defendant Starkweather's motion for an extension of time--until November 16, 2009--to answer the complaint (Doc. 43). On September 29, 2009, the summons directed to Bennet Bramlet was also returned executed (Doc. 40). Defendant Bramlet's responsive pleading was due on October 8, 2009. On November 5, 2009, Defendant Bramlet filed a motion for an extension of time to file his answer (Doc. 48).[1] On November 13, 2009, Defendants Brad Bramlet and Sean Starkweather filed their answer (Doc. 49). As such, Plaintiff's case may proceed against them.

---

[1] The Court granted Defendant Bramlet's motion for an extension of time on November 16, 2009, after the answer had already been filed. The Court specified that it found the November 13, 2009, answer by Defendant Bramlet to be timely.

*Officer Anthony*

On September 29, 2009, the summons issued to Anthony White was returned unexecuted with the notation that there has never been an officer named Anthony White employed at Menard Correctional Center (Doc. 41). Although Plaintiff's hand-written complaint, in two separate places, lists Officer Anthony (White) as a Defendant, nowhere in the body of the complaint does Plaintiff refer to an Officer White. The factual summary of his complaint names Officer Anthony. Although the confusion as to whether the intended defendant's last name is Anthony or White is understandable, the Court believes that the factual summary and Plaintiff's letter make it clear that he intended to sue Officer Anthony, who is white.

Accordingly, the Court **DIRECTS** the Clerk to prepare a summons for Defendant Officer Anthony and **ORDERS** the United States Marshal for the Southern District of Illinois to personally serve process upon Defendant Officer Anthony (who is white) pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. §566(c).

Within ten days after personal service is effected, the United States Marshal shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the Defendant shows good cause for such failure.

The Court also **DIRECTS** the Clerk to forward a copy of this order to the United States

Marshal Service.

*Officer Biggs*

Based upon a review of the complaint and the USM-285 forms submitted therewith, it is not clear to the Court whether Plaintiff intended for Officer Biggs to be a named defendant at the time he filed the action. Officer Biggs was not listed as a defendant in Section I of the form complaint, nor did Plaintiff file a USM-285 identifying Officer Biggs as a defendant. Further, Plaintiff's listing of Officer Biggs in the caption of the complaint ("Officer John Doe (The 1 Assisting) Officer Biggs") could be construed to mean that the John Doe he intended to sue was the Officer assisting Officer Biggs. By March 2, 2009, undoubtedly, Plaintiff wanted Officer Biggs to be a Defendant in the case (see Doc. 20). But, as clearly stated in the Court's threshold order (Doc. 9), filing a letter with the Court is not sufficient to identify an unnamed defendant. Plaintiff must file an amended complaint so indicating, along with a USM-285 form naming Officer Biggs as a Defendant. Plaintiff did neither. Thus, the Court finds that Officer Biggs is not currently a defendant in the action. If Plaintiff still wishes Officer Biggs to be a defendant in the action he must file an amended complaint clearly naming Officer Biggs, and a USM-285 form identifying Officer Biggs.

*John Doe*

The Court also finds that Plaintiff has not made any effort to name the John Doe defendant named in the complaint. If Plaintiff still wishes to proceed against the John Doe, he must file an amended complaint identifying that individual accompanied by a USM-285 form naming him or her.

## CONCLUSION

Plaintiff's Motion to Serve Defendants (Doc. 20) is **GRANTED in part** and **DENIED in part**.

The Clerk is **DIRECTED** to prepare summons for Officer Anthony, and the United States Marshal is **ORDERED** to serve summons on Officer Anthony, as specified above.

The Court grants Plaintiff until January 8, 2010, to file an amended complaint identifying all defendants against whom he wishes to proceed.  The complaint must be accompanied by USM-285 forms naming the unserved defendants, so that service may be effected.  The Clerk is **DIRECTED** to forward to Plaintiff two blank USM-285 forms with a copy of this order.

The Clerk is also **DIRECTED** to forward a copy of this order to the United States Marshal for the Southern District of Illinois.

After Officer Anthony is served and the January 8, 2010, deadline for amendment of the complaint has passed, the Court will issue a scheduling order so that discovery may begin forthwith.

**IT IS SO ORDERED.**

**DATED:  December 14, 2009**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**