IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONTE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:08-cv-15-DGW |
| | ) | |
| BRAD BRAMLET, SEAN | ) | |
| STARKWEATHER, and JEREMY | ) | |
| ANDERSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is a Motion for Summary Judgment filed by Defendants

Brad Bramlet, Sean Starkweather, and Jeremy Anderson (Doc. 97). For the reasons set forth

below, the motion is **GRANTED in part and DENIED in part**. Defendant Anderson is

DISMISSED from the action. Judgment will be entered in his favor at the close of the case.

FACTUAL SUMMARY

In his amended complaint (Doc. 75), Plaintiff Donte Henderson, a former inmate at the

Menard Correctional Center, alleged that Defendants Bramlet, Starkweather, and Anderson

violated his constitutional rights in events surrounding Bramlet's alleged use of excessive force on

June 19, 2007, in violation of 42 U.S.C. § 1983. According to Plaintiff Henderson, on that day

officers were supervising the release of inmates from their cells for showers. The officers

"running showers" skipped Plaintiff's cell. When Plaintiff asked Correctional Officer Biggs (not

a defendant) why officers skipped his cell, she told him to ask his cellmate. Later, Defendant

Bramlet walked by Plaintiff's cell. Plaintiff asked him if he could speak to a lieutenant about the

denial of his shower. Bramlet ignored him, which prompted Plaintiff to yell obscenities at Bramlet. A short time later, Bramlet and Starkweather arrived at Plaintiff's cell. Bramlet asked Plaintiff if he still wanted to shower. Plaintiff said yes, and Bramlet and Starkweather handcuffed him and escorted him to the shower room on the gallery. Plaintiff alleged that en route he apologized to Bramlet for yelling obscenities at him. Bramlet placed Plaintiff Henderson in the shower and removed his handcuffs. Then, according to Henderson, Bramlet spit in his face. Henderson turned to Defendant Starkweather and asked him if he was going to do anything about Bramlet's action. Starkweather told Henderson to "just take [his] shower." Bramlet and Starkweather left the area while Henderson showered. Approximately fifteen minutes later, Bramlet returned to the shower cell alone. Bramlet entered the shower cell, and without provocation, began beating Plaintiff. Plaintiff was able to exit the shower cell, but Bramlet followed, continuing to punch him. Additional officers began to arrive on the gallery, some of whom joined Bramlet in punching Henderson. Henderson alleged the officer continued to beat him, even after he was fully restrained. After the incident, several officers, including Defendant Anderson, transported Plaintiff to the health care unit. Plaintiff alleged that during transport the officers, including Anderson, intentionally rammed Plaintiff into walls and dropped him on the asphalt. Plaintiff's amended complaint raised three claims: 1) Defendants Bramlet and Anderson used excessive force in violation of 42 U.S.C. § 1983; 2) Defendants Bramlet and Anderson committed battery under Illinois law; and 3) Defendant Starkweather failed to protect Henderson from the beating by Defendant Bramlet.

Now before the Court is Defendants' motion for summary judgment. Defendants argue that 1) the claims against Defendant Anderson are barred by the statute of limitations; 2) the state

law claims for battery are barred in federal court by sovereign immunity; 3) Plaintiff has not met his burden of establishing that Defendant Starkweather failed to intervene in violation of the constitution; and 4) Starkweather is entitled to qualified immunity.

### LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The burden is upon the moving party to establish that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A fact is material if it is outcome determinative under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ballance v. City of Springfield, Illinois Police Dep't*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004). *See also Anderer v. Jones*, 385 F.3d 1043, 1064 (7th Cir. 2004).

### PLAINTIFF'S CLAIMS AGAINST DEFENDANT ANDERSON ARE BARRED BY THE STATUTE OF LIMITATIONS.

Plaintiff filed his original complaint in the action on January 7, 2008 (Doc. 1). The

original complaint named as Defendants "Officer Bennet (Bramlet), Officer Anthony (White), Officer Starkweather, Officer John Doe (The 1 Assisting), Officer Biggs." After a waiver of service was returned unexecuted as to Defendant White, Plaintiff filed with the Court a "Letter to Judge and Clerk" (Doc. 20), in which he informed the Court that he did not mean to sue Anthony White, but Officer Anthony, who is white. The Court ordered the United States Marshals Service ("USMS") to serve summons upon Officer Anthony. The summons was returned unexecuted on February 12, 2010. On June 21, 2010, the Plaintiff informed the Court that the intended defendant was not Officer Anthony, but Officer Anderson (Doc. 63). On June 23, 2010, the Court ordered the USMS to serve summons upon Officer Anderson (Doc. 64). In the same order, the Court appointed counsel to represent Plaintiff. Summons was returned executed as to Officer Anderson on October 5, 2010 (Doc. 74). On October 28, 2010, with assistance of counsel, Plaintiff filed an amended complaint naming Brad Bramlet, Jeremy Anderson, and Sean Starkweather as defendants (Doc. 75). Anderson filed an answer to the complaint on December 22, 2010 (Doc. 84). In the answer, Anderson raised the affirmative defense that the applicable statute of limitations barred Plaintiff's claims against him. In the pending motion for summary judgment now before the Court, Defendant Anderson argues that judgment should be entered in his favor because the statute of limitations bars Plaintiff's claims (Doc. 97).

In section 1983 actions, a federal court applies the statute of limitations for personal injury actions in the state "where the incident forming the basis of the claim occurred." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)). In Illinois, that period is two years. *See* 735 ILCS 5/13-202.

The events described in Plaintiff's complaint occurred on June 19, 2007. Under the

Illinois statute, Plaintiff should have filed his claims against Defendant Anderson by June 19, 2009. Plaintiff first identified Officer Anderson to the Court on June 21, 2010. Plaintiff filed the amended complaint naming Anderson as a defendant on October 28, 2010. Both of these dates fall outside of the two-year period. Thus, Plaintiff's claims against Defendant Anderson are barred by the statute of limitations unless the statute was somehow tolled under Illinois law, or the complaint "relates back" to the date of the original complaint under Fed. R. Civ. P. 15(c).

### *Tolling of the Statute of Limitations*

In section 1983 actions, a federal court also applies the state rules and provisions on tolling. *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Illinois law provides that the statute of limitations is tolled during the time a prisoner exhausts his administrative remedies, which is required by the Prisoner Litigation Reform Act. 42 U.S.C. §1997e(a). *Johnson*, 272 F.3d at 521. Plaintiff filed a grievance about the incident--in which he names Officer Anderson--directly with the Administrative Review Board ("ARB") on June 19, 2007 (Doc. 97-2, p. 1, Exh. A). The ARB recommended that the grievance be denied. Department Director Roger E. Walker concurred on November 2, 2007 (Doc. 1, p. 7). Applying the state's tolling provision, Plaintiff should have filed his claims against Defendant Anderson by November 2, 2009, two years after Plaintiff exhausted his available administrative remedies. Because Plaintiff did not identify Officer Anderson to the Court until June 2010, and did not name him as a defendant in a properly-filed amended complaint until September 2010, the tolling provision cannot save the claims.

Plaintiff argues that equitable tolling should apply to save the claims against Defendant Anderson because "despite the exercise of due diligence and through no fault of his own, Henderson was unable to ascertain Anderson's name prior to the expiration of the statute of

limitations." *See, e.g., Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001). The Court disagrees. Plaintiff's June 19, 2007, grievance names Defendant Anderson, which indicates that Plaintiff knew the identity of Defendant Anderson well before the expiration of the statute of limitations. The grievance demonstrates Plaintiff knew Anderson's identity on the day of the incident.

### Relation back under Rule 15(c)

Rule 15(c)(1) of the Federal Rules of Civil Procedure provides that an amended pleading "relates back to the date of the original pleading when":

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The Supreme Court recently reiterated that the proper inquiry under Rule 15(c)(1) focuses on whether the new defendant knew or should have known before the statute of limitations expired that a plaintiff intended to sue him. *See Krupski v. Costa Crociere*, 130 S.Ct. 2485, 2493 (2010). Under 15(c)(1)(C)(ii), if a defendant was aware that a plaintiff was attempting to sue him, but the

plaintiff mistakenly identified the defendant, defendant's knowledge of a plaintiff's intention is sufficient to overcome a statute of limitations defense. *See Joseph v. Elan Motorsports Technologies Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011) (attributing knowledge under Rule 15(c) within statute of limitations period to Elan Corp. when plaintiff mistakenly named Elan Inc. as defendant).

Here, Defendant Anderson has demonstrated, in deposition, that he did not know of the lawsuit until he was informed by IDOC legal services and signed the waiver of service in 2010 (Doc. 97-3, p. 2, Exh. B). Plaintiff has not come forward with any evidence demonstrating Defendant Anderson's knowledge of the lawsuit within the statute of limitations period.[1] Thus, under the Supreme Court's interpretation of Rule 15(c), Plaintiff has not shown that Defendant knew or should have known that but for a mistake regarding a defendant's identity, that action would have been brought against him. As such, Plaintiff's amended complaint naming Anderson does not meet the requirements for relation back under Rule 15(c). Because the amended complaint was filed outside the two-year state of limitations and it does not relate back to the date of the original complaint, Plaintiff's claims against Defendant Anderson are barred. Defendant Anderson is entitled to judgment as a matter of law. Accordingly, summary judgment is **GRANTED** in favor of Defendant Anderson.

THE COURT EXERCISES SUPPLEMENTAL JURISDICTION OVER THE STATE TORT CLAIMS.

A federal district court has supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may exercise this supplemental jurisdiction within its discretion so long as the state claims

---

[1] The Court notes, in fact, that Plaintiff contends Rule 15(c) is inapplicable (Doc. 112, p. 9).

"derive from a common nucleus of operative fact" with the federal claims. *See Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (quoting *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)). The standard is not burdensome; "loose factual connections" are considered sufficient. *Houskins*, 549 F.3d at 495 (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

Defendant Bramlet argues that the Court may not hear the pending state law claims raised in the amended petition because the Illinois Court of Claims has exclusive jurisdiction over claims that a state employee committed a tortious act "solely by virtue of his State employment." In such cases, Defendants contend, sovereign immunity bars other courts, including federal courts, from hearing the claim.

The Court disagrees. Sovereign immunity does not bar the claims in this case. The Seventh Circuit has dismissed state law claims from federal actions on the grounds that they belong in the Illinois Court of Claims. *See Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002). It has done so, however, only in cases where a defendant is alleged to have "breached a duty held *uniquely* by State employees holding the job at issue," not in cases in which a state employee owes the same duty to the public at large. *Turpin v. Koropchak*, 567 F.3d 880, 882-83 (7th Cir. 2009). The Court in *Turpin* opined that the Illinois jurisdictional limitation was not meant for cases in which "everyone has a duty to refrain from such conduct," but for cases in which the duty is so closely linked with state employment that the State is the "real party in interest." *Id. See also Nelson v. Murphy*, 44 F.3d 497, 505 (7th Cir. 1995) (holding that Illinois Court of Claims "possesses exclusive jurisdiction of all claims against the state itself, but not of claims against state employees"). Other district courts in the circuit have specifically held that the duty not to commit

assault and battery arise independently of state employment. *See Donelson v. Prado*, Case No. 09 C 6227, 2011 WL 941233 (N.D. Ill. March 16, 2011); *Cruz v. Cross*, Case No. 08-cv-4873, 2010 WL 3655992 (N.D. Ill. September 10, 2010). That is also the case here. Defendant Bramlet owes a duty to everyone, not just inmates, to refrain from committing battery against them. His duty is not exclusive to his job as a correctional officer. Thus, the state tort claims against him are raised against him as an individual. The State of Illinois is not the real party in interest. Accordingly, the Illinois Court of Claims does not possess exclusive jurisdiction over Plaintiff's state-law claims. This Court may, and will, exercise its supplemental jurisdiction over the state-tort claim of battery against Defendant Bramlet. The state-law claim of battery is part of the same case or controversy and "derive[s] from a common nucleus of operative fact" with the section 1983 claims. Consequently, summary judgment on this point is **DENIED**.

### GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING STARKWEATHER'S DUTY TO INTERVENE.

A corrections officer may be held liable under section 1983 for failing to prevent a fellow officer from using excessive force against an inmate when he or she had a "realistic opportunity" to intervene to prevent the violation of a constitutional right. *Fillmore v. Page*, 358 F.3d 496, 505-06 (7th Cir. 2004). Any such claim necessarily requires an underlying constitutional violation. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). In *Yang v. Hardin*, the Seventh Circuit held that an officer witnessing the use of excessive force by a fellow officer was under a duty take action to stop the improper use of force. 37 F.3d 282, 285 (7th Cir. 1994). "One who is given a badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his

knowledge." *Id.* (quoting *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972)). Even if the observing officer was unable to physically come between his fellow officer and the arrestee, the Seventh Circuit noted that he could have taken other actions, including calling for backup, calling for help, or at least telling the officer to stop. *Yang*, 37 F.3d at 285.

Defendant Starkweather argues that Plaintiff has failed to establish a claim against him because Defendant Starkweather could not have realistically prevented Defendant Bramlet from spitting on Plaintiff. Plaintiff counters by arguing that after Starkweather witnessed Bramlet spit on Plaintiff, and Plaintiff asked Starkweather to do something, Starkweather should have acted in some manner to prevent the alleged future beating. At the very least, Plaintiff argues, Starkweather should have told Bramlet to stop.

The Court finds, based on the evidence before it, that genuine issues of material fact exist with respect to Defendant Starkweather's duty after witnessing Defendant Bramlet spit on Plaintiff, and whether his actions sufficiently conformed to the duty of his office. The Court believes it would be difficult to demonstrate that Starkweather could have physically come between Bramlet and Plaintiff in such a way as to prevent Bramlet from spitting on Plaintiff. But that is not the only open factual question. According to Henderson, he looked at Starkweather and asked him whether he was going to do anything about Bramlet spitting on him. Starkweather told him to take a shower. Did Starkweather's duty require him to do something more? What additional steps did Starkweather have a realistic opportunity to take? These are questions of fact for the jury. Consequently, the existence of unresolved factual issues prevents a grant of summary judgment in favor of Starkweather on the failure-to-intervene claim.

**DEFENDANT STARKWEATHER IS NOT ENTITLED TO QUALIFIED IMMUNITY.**

"The doctrine of qualified immunity shields government officials against suits arising out of their exercise of discretionary functions 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated .' " *Jones v. Wilhelm*, 425 F.3d 455, 460 (7th Cir. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). Officers "who act unreasonably or 'who knowingly violate the law' " are not protected by qualified immunity. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1014 (7th Cir. 2006) (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)). The Court makes two key inquiries in evaluating a qualified immunity defense: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right and (2) whether the constitutional right was clearly established at the time of the alleged violation. *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009).

As stated above, factual issues exist regarding the duty of Defendant Starkweather to intervene or take some action after he witnessed Defendant Bramlet spit in Henderson's face. Taken in the light most favorable to Plaintiff, Starkweather should have done something to prevent Bramlet's future unconstitutional actions. Because he ignored Henderson's request to act, he could be held liable under section 1983 for failure to intervene. Furthermore, the duty of an officer of law to step in when he witnesses a fellow officer using excessive force was clearly established. In other words, the state of the law at that time was such that Starkweather had "reasonable notice" that his failure to take action with regard to Bramlet's alleged battery could potentially violate the Constitution." *See Roe v. Elyea*, 631 F.3d 843, 858-59 (7th Cir 2011). Due to the open questions of fact, a grant of summary judgment based on qualified immunity is

**DENIED** at this time.

**CONCLUSION**

Accordingly, the Motion for Summary Judgment filed by Defendants Bramlet, Anderson, and Starkweather is **GRANTED in part and DENIED in part**. Defendant Anderson is **DISMISSED** from the action because Plaintiff did not bring claims against him within the two-year statute of limitations. Judgment should be entered in his favor at the close of the case. Plaintiff may proceed at trial on the excessive force and state-law battery claims against Defendant Bramlet, and against Defendant Starkweather on a theory of failure to intervene.

**IT IS SO ORDERED.**

**DATED: February 15, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

12
