IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONTE HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:08-cv-15-DGW |
| ) | |
| BRAD BRAMLET, SEAN ) | |
| STARKWEATHER, and JEREMY ) | |
| ANDERSON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are Plaintiff Donte Henderson's *pro se* Motion for Relief from Judgment (Doc. 156), Motion for New Trial (Doc. 157), and Motion for Free Trial Transcripts. For the reasons set forth below, these motions are **DENIED**.

**BACKGROUND**

A jury trial was held in February 2012 in this prisoner civil rights action. Plaintiff, a former inmate at the Menard Correctional Center, was represented at the trial by court-appointed counsel.[1] Prior to trial, Henderson was arrested and detained in the Cook County Jail on charges unrelated to this case. On January 20, 2012, Plaintiff filed a Motion for Writ of Habeas Corpus Ad Testificandum, asking the Court to issue a writ directing the Cook County Jail to transport him from Chicago to East St. Louis for the trial (Doc. 118). The Court denied the motion on January 30, 2012, finding 1) that Plaintiff did not have a constitutional right to be present at the trial, and 2)

---

[1] Plaintiff Henderson filed three motions for appointment of counsel (Docs. 3, 54, and 62). The Court denied the first two motions without prejudice and granted the third. The Court appointed attorney Nicole Nocera of the Wildman Harrold law firm in Chicago to conduct discovery and represent Plaintiff at trial. Attorney Nocera left the law firm while the action was pending. Wildman Harrold, however, continued to represent Plaintiff. Attorneys Bilal Zaheer, Elizabeth Peters, and Leonard Kurfirst represented Henderson at the trial.

it was too burdensome on the Cook County Sheriff to produce Henderson for trial. Plaintiff did not appear in person at the trial. In lieu of his live testimony, the jury viewed his recorded deposition. On February 29, 2012, the jury returned a verdict against Plaintiff and in favor of Defendants Bramlet and Starkweather.[2] After entry of judgment, the Court granted the motion to withdraw filed by Plaintiff's attorneys (Doc. 152). On April 2, 2012, Plaintiff filed the pending motions *pro se*.

In the motion styled Motion for a Relief of Judgment, Henderson asks the Court to "alter or amend the judgment" because 1) he was denied the opportunity to attend his trial; 2) the Court improperly dismissed Jeremy Anderson from the case; 3) improper evidence, specifically a lead cuff, was shown to the jury; and 4) he received ineffective assistance of counsel (Doc. 156). In response, Defendants argue that the Court may not reconsider its substantive legal findings in a motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b) (Doc. 166).

Henderson's Motion for New Trial claims that his appointed counsel was ineffective (Doc. 157). He argues specifically that his attorneys lied to him, refused to file motions he requested them to file, allowed admission of prejudicial evidence, refused to call witnesses he requested they call, and refused to follow the plan he laid out for trial. Defendants responded in opposition arguing that attorney error is not a basis for relief and the verdict was not against the weight of the evidence (Doc. 167).

## LEGAL STANDARDS

Motions for post-trial relief fall under Federal Rules of Civil Procedure 59 and 60. In the Seventh Circuit, the substance of a post-trial motion, not its timing or label, determines which rule

---

[2] Defendant Anderson was dismissed on statute-of-limitations grounds on Defendants' Motion for Summary Judgment (Doc. 124).

should be used to analyze the arguments, particularly when the motions are filed by a *pro se* litigant. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008). *See also Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

Relief under Rule 60(b) is limited to the circumstances listed in the rule: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Rule 60(b) was not intended to correct legal error.[3] *See Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000); *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59, on the other hand, is intended for reconsideration of errors of law. *See Obriecht*, 517 F.3d at 493-94. Henderson's arguments that the Court erred in determining the trial could proceed without his presence, that the Court erred in dismissing Defendant Anderson on summary judgment, that the Court allowed introduction of prejudicial evidence, and that his attorneys were ineffective are challenges for legal error. Thus, the Court will analyze the arguments under Rule 59, despite the 60(b) label on Henderson's Motion for Relief from Judgment.

A district court may grant a motion for new trial where the jury's verdict is against the weight of the evidence or the trial was otherwise unfair to the moving party. *See Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). Jury verdicts should not be set aside so long as "a reasonable basis exists in the record to support the verdict, viewing the evidence in the light most favorable to the prevailing party, and leaving issues of credibility and weight of evidence to the jury." *Id.* (quoting *Carter v. Moore*, 165 F.3d 1071, 1079 (7th Cir. 1998)). A verdict determined to be "against the weight of the evidence" should warrant a new trial only "when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries

---

[3] Even so, attorney misconduct does not rise to the level of "exceptional circumstances" warranting "extraordinary" relief available under Rule 60(b). *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009).

out to be overturned or shocks our conscience." *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir.1995). A district court is given great discretion in determining whether a new trial should be awarded or denied. *See Kapelanski*, 390 F.3d at 530.

Motions to alter or amend a judgment are properly brought under Federal Rule of Civil Procedure 59(e). A court may grant a Rule 59(e) motion to alter or amend the judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010) (quoting *Obriecht*, 517 F.3d at 494). Rule 59(e) provides the trial court with "an opportunity to correct errors that may have crept into the proceeding, before the case leaves the district court for good." *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007).

## DISCUSSION

### *Plaintiff's Appearance at Trial by Video Deposition*

Plaintiff maintains it was unfair for the trial to proceed without him present. A prisoner does not possess a constitutional right to be present at the jury trial of an action challenging the conditions of his confinement. *See Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) (citing *Price v. Johnston*, 334 U.S. 266, 285 (1948)). Unfortunately, the trial date coincided with Plaintiff's detention in the Cook County Jail on charges wholly unreleated to this case or to Plaintiff's prior incarceration. Although the Court had the authority to order the Cook County Sheriff to transport the Plaintiff from Chicago to East St. Louis for his trial, the Court found that it would be impractical and burdensome to Cook County, which had no interest in the litigation. The Court would have considered allowing Plaintiff to appear and testify via live videoconference, but videoconferencing with the Cook County Jail was not available. Thus, the Court ordered

Plaintiff's deposition be taken and recorded on video for presentation to the jury. Plaintiff's counsel was present at the deposition, and Defendants' counsel cross-examined Plaintiff. Based on the law of the circuit, *Thornton*, 428 F.3d at 697, the Court finds denial of Plaintiff's motion to appear at his trial did not constitute a manifest error of law.

*Dismissal of Defendant Anderson*

The Court granted summary judgment in favor of Defendant Anderson because Plaintiff did not file claims against him until after the two-year period of limitations had run. Evidence before the Court indicated that Plaintiff was aware of the identity of Defendant Anderson at the time he filed a grievance on June 19, 2007. Plaintiff exhausted administrative remedies on his claim on November 2, 2007. Plaintiff did not notify the Court of Defendant Anderson until June 21, 2010, and did not file an amended complaint naming him as a defendant until October 28, 2010. Both of these dates fall outside of the two-year period. The Court has reviewed its ruling on summary judgment and finds no legal error.

*Sufficient Evidence Supported the Jury's Verdict*

A reasonable basis exists in the record to support the jury's verdict in favor of Defendants. Plaintiff and Defendants told different versions of the incidents of June 19, 2007. Plaintiff testified that Defendant Bramlet used excessive force against him without penological justification. Defendant Bramlet denied using excessive force and claimed Plaintiff attempted to assault him. The jury was tasked with determining which of the two stories was more credible. They chose to disbelieve the Plaintiff. In considering a motion for a new trial, the Court is directed to view the evidence presented in the light most favorable to the prevailing party. Questions of credibility and weight of the evidence are left to the jury. The jury simply believed

5

Defendants' version over Plaintiff's. Within the bounds of its discretion, the Court finds the evidence presented was sufficient to support the jury's verdict.

*Plaintiff Received Zealous Representation by Appointed Counsel*

There is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). A civil litigant, therefore, has no claim for ineffective assistance of counsel. *See Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001) ("[I]t is well established that an attorney's shortcomings do not entitle his client to a new trial in a civil case."); *Wolfolk v. Rivera*, 729 F.2d 1114, 1119 (7th Cir.1984). If a client is dissatisfied with the performance of his attorney, the proper avenue for relief is to file a malpractice action. *See Stanciel*, 267 F.3d at 581.

Even so, Plaintiff received effective assistance of counsel. During the course of litigation, Plaintiff's attorneys zealously represented him. They filed numerous pre-trial motions asking, *inter alia*, that Plaintiff be allowed appear in person, and that potentially prejudicial evidence be excluded. At trial, three Wildman Harrold attorneys appeared on Plaintiff's behalf. Their presentation of Plaintiff's case was thorough; their arguments persuasive. Plaintiff complains that his attorneys did not call some of the witnesses he identified and refused to follow his plan for trial. The Court notes that some of the Plaintiff's witnesses refused to testify. Furthermore, counsel acted within the bounds of professional representation, even if they did not follow Plaintiff's instructions to the letter. Finally, the Court appointed counsel at Plaintiff's request. Plaintiff alleged he was unfamiliar with the law, unable to properly identify defendants, did not have an adequate education, and lacked writing supplies (Doc. 62). The Court found Plaintiff's

assertions credible and appointed counsel. In all, Plaintiff received excellent representation. The Court discerns no errors of law as a result of any action of Plaintiff's attorneys.

*Motion for Free Trial Transcript*

Under 28 U.S.C. § 753(f), a party proceeding *in forma pauperis* may receive free transcripts to prepare for an appeal if the trial judge "certifies that the appeal is not frivolous (but presents a substantial question)." No transcript of the jury trial has yet been made. The Court finds Plaintiff's appeal of the issues of trial error to be frivolous. The jury was tasked with determining whether to believe Plaintiff's version of events or Defendants'. The jury chose to disbelieve the Plaintiff. The Court discerns no appealable issue from the jury's verdict. The Court also finds that Plaintiff's claims of ineffective counsel are frivolous and that issue is not appealable. However, the Court finds that an appeal of the Court's decision to continue with the trial without Plaintiff present may present a substantial question. A trial transcript will not be necessary for Plaintiff to appeal this issue, however, because the Court made its determination in a pretrial order that is already part of the record on appeal. For these reasons, the Motion for Free Trial Transcript is **DENIED**.

## CONCLUSION

Based on all the foregoing, Plaintiff's Motion for Relief from Judgment (Doc. 156), Motion for a New Trial (Doc. 157), and Motion for Free Trial Transcripts (Doc. 158) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 14, 2012**

                                                                                                    DONALD G. WILKERSON
                                                                                                    United States Magistrate Judge